# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE MAE BROWN POLLARD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-25-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jessie Mae Brown Pollard was convicted of conspiracy to kidnap a minor, kidnap of a minor, and obstruction of justice and was sentenced to 300 months of imprisonment, to be followed by two years of supervised release. She now appeals, challenging the district court's order granting the Government's motion in limine that precluded her from relying on a defense of insanity. Pollard concedes that she did not timely file her notice of intent to rely on an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insanity defense as required by Federal Rule of Criminal Procedure 12.2(a). However, she argues that she established good cause for the late filing by showing that the Government was not prejudiced. We review for abuse of discretion a district court's evidentiary rulings. *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013).

Federal Rule of Criminal Procedure 12.2(a) provides that "[a] defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion." If the defendant fails to timely notify the Government and file a notice with the clerk of court, she "cannot rely" on such a defense. FED. R. CRIM. P. 12.2(a). However, the district court "may, for good cause, allow the defendant to file the notice late." FED. R. CRIM. P. 12.2(a).

Pollard did not request an extension of time in the district court. Nor did she establish good cause for the late filing. Because Pollard failed to comply with the requirements of Rule 12.2(a), the district court did not abuse its discretion in granting the Government's motion in limine and excluding Pollard from relying on an insanity defense. *See United States v. Castro*, 15 F.3d 417, 421 (5th Cir. 1994); FED. R. CRIM. P. 12(a).

Because Pollard's failure to comply with the requirements of Rule 12.2(a) prevented her from relying on an insanity defense, we do not review the district court's alternative ground for granting the motion in limine. *See United States v. Perez-Macias,* 335 F.3d 421, 429 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.