# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

No. 14-11126
c/w No. 14-11130
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID BELVIN GILMORE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-241-1
USDC No. 4:14-CR-83-1

Before SMITH, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:[*]

David Belvin Gilmore entered a conditional guilty plea to bank robbery and was sentenced to 100 months of imprisonment and three years of supervised release. In addition, his supervised release term previously imposed for two bank robbery convictions was revoked, and he was sentenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 24 months of imprisonment on each count, to be served consecutively to each other and to the sentence imposed for the new bank robbery conviction.

According to Gilmore, the district court abused its discretion in denying his motion to file a notice of an insanity defense out of time under Federal Rule of Criminal Procedure 12.2(a), asserting that he showed good cause for the untimely filing. We disagree. The Federal Public Defender had represented Gilmore for about a month and a half before the deadline for pretrial motions. Gilmore's Bureau of Prisons (BOP) medical records and the Presentence Report prepared for sentencing on his prior bank robbery convictions, which both showed Gilmore had a history of mental illness, were available during this period. Gilmore was evaluated by Dr. Emily Fallis on April 30, 2014, and Dr. Fallis provided a report on the day before the deadline for pretrial motions. On this record, we cannot say that the district court abused its discretion in finding that Gilmore failed to establish good cause for filing the motion late. *See United States v. Castro*, 15 F.3d 417, 421 (5th Cir. 1994) (addressing Rule 12.2(b), (d)); *see also United States v. Pollard*, 584 F. App'x 241, 241 (5th Cir. 2014) (reviewing a good cause finding under Rule 12.2(a) for an abuse of discretion).

We have not yet had occasion to determine whether, to demonstrate good cause, a defendant must also demonstrate that his insanity defense has merit, although other circuits have so held. Citing such opinions, Gilmore contends that he should have been required only to show that the defense had some merit but that the district court held him to the more stringent standard required to secure a jury instruction on insanity. Given our conclusion that Gilmore's explanation for the late filing alone supported the district court's determination, we need not reach these questions. In any event, our review of

No. 14-11126
c/w No. 14-11130

the record satisfies us that Gilmore has shown no abuse of discretion, even under the "some merit" standard he contends should apply.

Finally, Gilmore argues that vacatur of his bank robbery conviction due to the denial of his insanity defense requires that we vacate his supervised release revocation. In light of our disposition of the former issue, the latter necessarily fails.

AFFIRMED.